VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT  05401
802-951-1740
www.vermontjudiciary.org



Docket No. 20-3-20 Vtec
Docket No. 48-6-20 Vtec
Docket No. 22-ENV-0084
Docket No. 23-ENV-00004

| Costco Wholesale Corp. LU Permit Amendment and JO Appeal |
|---|

## ENTRY REGARDING MOTION

Motion A:      Motion in Limine

Filer:      Alexander J. LaRosa, Attorney for R.L. Vallee, Inc.

Filed Date:      October 09, 2023

Opposition to R.L. Vallee's Motion in Limine, filed by Mark G. Hall, Attorney for Costco on
      October 23, 2023
*********************************************************************************************
Motion B:      Motion in Limine

Filer:      Alexander J. LaRosa, Attorney for R.L. Vallee, Inc.

Filed Date:      October 19, 2023

Opposition to R.L. Vallee's Motion in Limine, filed by Mark G. Hall, Attorney for Costco on
      October 26, 2023

**Motion A is DENIED; we DECLINE TO CONSIDER Motion B prior to trial.**

R.L. Vallee, Inc. ("Vallee") and Timberlake Associates, LLP ("Timberlake") seek to preclude Costco Wholesale Corporation ("Costco") from introducing certain testimony and evidence during next week's merits hearing.  The first motion ("Motion A") includes three requests: (1) that the Court exclude evidence of traffic modeling prepared by Chris Tiesler because it is outdated and irrelevant; (2) that the Court bar Costco from introducing evidence of its compliance with any permit conditions; and (3) that the Court preclude Costco from introducing evidence in dockets 22-ENV-00084 and 23-ENV-00004 that is unrelated to the Act 250 material change test.  The second motion ("Motion B") seeks to preclude Costco from calling any undisclosed or newly disclosed witnesses that Vallee and Timberlake have not had an opportunity to depose.  For the reasons stated below, we deny Motion A and decline to consider Motion B prior to trial.

Because this Court conducts bench trials, we liberally admit relevant evidence. <u>Diverging Diamond Interchange A250 and SW Permits</u>, Nos. 169-12-16, 50-6-16 Vtec, slip op. at 1–2 (Vt. Super. Ct. Envtl. Div. Feb. 8, 2018) (Walsh, J.) (citing <u>The Van Sicklen Ltd. P'ship</u>, No. 4C1013R-EB, slip op. at 1 (Vt. Env. Bd. Sep. 28, 2001)). Unlike a jury, we are unlikely to be "unduly swayed by a questionable evidentiary offering." <u>Id</u>. Once relevant evidence is admitted, we afford it the weight it deserves, if any. <u>Id</u>.; <u>In re Application of Lathrop Ltd. P'ship I</u>, 2015 VT 49, ¶ 90, 199 Vt. 19.

The Court is wary of prospectively barring potentially relevant evidence—especially in a matter as complex as this one. Vallee and Timberlake argue that Chris Tiesler's traffic models are outdated and irrelevant because they predate VTrans' construction of the Diverging Diamond Intersection at Interstate I-89 Exit 16 ("DDI"). This argument lacks a factual foundation. Evidence of the various traffic impacts caused by limited and full-time operation of the gas station may be relevant to whether Costco's operations are consistent with Act 250's requirements. Accordingly, we will consider the weight of this evidence in context at trial. We also decline to prospectively limit evidence of Costco's compliance with its permit conditions. According to Costco, it plans to introduce such evidence to argue that these appeals are now moot. It would be premature to exclude evidence which may be relevant to the issues presented at trial. Similarly, we decline to prospectively limit the admissibility of evidence in Dockets No. 22-ENV-00084 and 23-ENV-00004. The Court will consider these issues at trial.

Turning to Motion B, Vallee and Timberlake seek to preclude Costco from calling undisclosed or newly disclosed witnesses. According to Vallee, Costco disclosed two new witnesses on October 4, 2023. Vallee asserts that Costco never responded to its subsequent request to depose one of the new witnesses. In response, Costco says that the sole purpose of these new witnesses is to provide updates on the DDI construction, and that much of this information was already discussed in prior motions. Given the conflicting arguments and limited time to address this discovery dispute through briefings, the Court will address this issue at the beginning of trial next week. Unless the parties can agree to the scope of this testimony ahead of time, we will hear arguments on this motion at trial. Therefore, we decline to consider Motion B at this time.

This case spans years of appeals and cross-appeals, different permitting schemes, and countless motions. The Court held a hearing in September in which it asked the parties to submit pre-trial memos on the legal issues remaining in each docket. To date, no party has submitted such a memo. The Court respectfully repeats its request that each party present a memo on the legal issues it believes

are remaining in each docket and asks that such motions be filed no later than 4:00 pm on **Monday, October 30,** 2023.

At this point, any remaining admissibility issues will be addressed at trial. Further, the Court encourages the parties to negotiate an opportunity to depose one or more of the witnesses disclosed on October 4, 2023 on the limited factual issues of the progress of the DDI construction. It is not unusual as a trial approaches for parties to scramble to complete necessary depositions. The Court encourages the parties to voluntarily do so here.

Accordingly, Motion A is **DENIED**, and we **DECLINE TO CONSIDER** Motion B at this time.

**So Ordered.**

Electronically signed at Newfane, Vermont on Friday, October 27, 2023, pursuant to V.R.E.F. 9(d).

Thomas S. Durkin, Superior Judge
Superior Court, Environmental Division